UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| GEORGE E. HENDERSON,       )<br>        Plaintiff,       )<br>       )<br>v.       )<br>       )<br>STOKES ELECTRIC COMPANY,       )<br>        Defendant.       ) | No. 3:09-CV-447<br>(Phillips) |


## **MEMORANDUM AND ORDER**

Plaintiff has brought this action against his former employer alleging he was terminated from his position with defendant because of his age. Defendant has moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant contends that all employment decisions regarding plaintiff were undertaken in the context of a reduction in force. For the reasons which follow, defendant's motion to dismiss will be denied.

When evaluating a complaint in light of a Rule 12(b)(6), Federal Rules of Civil Procedure, motion to dismiss, the court must accept all of the plaintiff's allegations as true and resolve every doubt in the plaintiff's favor. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489 (6th Cir. 1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). To survive a Rule 12(b)(6) motion to dismiss, a claim's "factual allegations must be enough to raise a right to relief above the speculative level on

the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The issue is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claim. *Miller*, 50 F.3d at 377. The court must construe the claim in a light most favorable to the plaintiff, accept the factual allegations as true, and determine whether plaintiff's factual allegations present plausible claims. *Twombly*, 550 U.S. at 570; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). A court should assume the veracity of well pleaded factual allegations and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a cause of action for age discrimination, plaintiff must allege (1) he is a member of a protected class (40 or above), (2) he suffered an adverse employment action, (3) he was qualified for the position, and (4) he was replaced by a younger person. *Cox v. Kentucky Dept of Transportation*, 53 F.3d 146, 150 (6th Cir. 1995). However, in a reduction in force case, the fourth criteria is modified – the plaintiff "must come forward with direct, circumstantial, or statistical evidence that age was a factor." *LaGrant v. Gulf & Western Mfg. Co.,* 748 F.2d 1087, 1090-91 (6th Cir. 1984); *see also Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 371 (6th Cir. 1999).

Here, plaintiff's complaint states that plaintiff was over the age of 40; he had worked for defendant for over 44 years; he was qualified for the position; and he was selected for the reduction in force because of his age. Thus, the court finds that plaintiff

has sufficiently pleaded a cause of action under the ADEA.  Whether the defendant terminated plaintiff as a result of a nondiscriminatory reduction in force is an issue more properly addressed on summary judgment, after the parties have conducted discovery.  At the present time, the record is not sufficiently developed for the court to decide that question.  Accordingly, defendant's motion to dismiss is hereby **DENIED.**

      **IT IS SO ORDERED.**


                                                   **ENTER:**

                                                             <u>   s/ Thomas W. Phillips   </u>
                                                              United States District Judge